```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

MARLETTRA D. HOLMES
                                    Civil No. 3:04cv661LN
v.                               Criminal No. 3:03CR15LN

UNITED STATES OF AMERICA

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant Marlettra D. Holmes for relief pursuant to 28 U.S.C. § 2255. The government opposes the motion, and the court, having considered the parties' memoranda and submissions, concludes that the motion should be denied.

Defendant's motion is grounded in her belief that her sentence violates the Sixth Amendment because she received a sentence enhancement based on a fact that was neither found by a jury nor admitted by her. <u>United States v. Booker</u>, 125 S. Ct. 738 (2005); <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

In its response to defendant's motion, the government argues that under the terms of her plea agreement, Holmes waived her right to collaterally attack her sentence via 28 U.S.C. § 2255. It is well settled that an informed and voluntary waiver of a right to file a § 2255 motion will be enforced. <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994). In her motion, Holmes contends that the court addressed only the waiver of appeal, but did not address the § 2255 waiver at the guilty plea hearing. A review of the plea transcript reveals the following.


> THE COURT: Mr. Bond, what are the main terms of the plea agreements?
> MR. BOND: . . . [A]t paragraph 11, Your Honor, the defendants waive the right to appeal the conviction and sentence in this case and waive the right to contest those matters in any postconviction proceeding.
> THE COURT: Ms. Alexander, is what Mr. Bond just represented as your agreement correct or consistent with your understanding of your agreement?
> DEFENDANT ALEXANDER: Yes, sir.
> THE COURT: Ms. Holmes?
> DEFENDANT HOLMES: Yes, sir.

After explaining to the defendants that the court was not bound to accept the recommendation of the government with respect to sentencing, the court asked again if defendants understood they were giving up their rights to appeal their convictions or sentences.

> THE COURT: And as I understand Mr. Bond, you will not even be able to appeal your conviction or sentence because you're giving up that right in this agreement you made with the government.  Ms. Alexander, do you understand?
> DEFENDANT ALEXANDER: Yes, sir.
> THE COURT: Do you realize that also?
> DEFENDANT HOLMES: Yes, sir.

It appears that defendant Holmes is relying on this latter portion of the plea transcript to support her claim that the court failed to advise her that she was waiving her right to contest her sentence through postconviction proceedings, such as a § 2255 motion.  However, the plea transcript, viewed as a whole, reveals that Holmes was informed of her waiver of her right to contest her conviction or sentence through direct appeal or collateral attack and that Holmes expressed to the court that she understood that waiver.  As such, the government's assertion that her motion

2

should be dismissed as barred by the terms of her plea agreement is well taken.[1]

Moreover, even if defendant's petition was not barred under the terms of her plea agreement, the Supreme Court's ruling in Booker is not retroactively applicable to cases on collateral review.  As explained by the court in Dominguez v. United States, 2005 WL 1949606 (S.D. Tex. Aug. 11, 2005),

> The Fifth Circuit has not yet ruled whether Booker is retroactive on initial collateral review.  However, it has ruled that Booker is not retroactive for second or subsequent petitions under section 2255.  In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005) (per curiam).  Other circuit courts addressing the retroactive application of Booker on initial collateral review have reached the same conclusion; Booker does not apply retroactively. See United States v. Bellamy, No. 04-5145, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005); Lloyd v. United States, 407 F.3d 608, 615- 16 (3d Cir. 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

See also United States v. O'Keefe, 2005 WL 1578625 (E.D. La. June 29, 2005)(citing In re Elwood, 408 F.3d 211, 212-13 (5th Cir.2005)).  Because Holmes's conviction became final before Booker was decided, she is not entitled to any relief under Booker.

---

[1] The court also notes that Holmes's waiver is enforceable post-Booker.  See United States v. Espinoza-Ramirez, 2005 WL 1924377 (S.D. Tex. Aug. 10, 2005)(finding defendant's waiver of his right to file a § 2255 motion is valid and enforceable)(citing United States v. McKinney, 406 F.3d 744 (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker )).

3

Based on the foregoing, it is ordered that defendant's § 2255 motion is denied.

SO ORDERED this 22nd day of August, 2005.

<div style="text-align:right">
/s/ Tom S. Lee<br>
UNITED STATES DISTRICT JUDGE
</div>